**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

ERIC B. MAYS FOUNDATION, INC.,
a Michigan nonprofit corporation,

*Plaintiff*,

v.

ERIC B MAYS FOUNDATIONS INC.,
a Florida nonprofit corporation;
NICKESHA V. REID, an individual;
and DOES I through X, inclusive,

*Defendants*.

Civil Action No.:

**COMPLAINT**

---

## INTRODUCTION

1. Plaintiff Eric B. Mays Foundation, Inc. brings this action against Defendants Eric B Mays Foundations Inc. and Nickesha V. Reid arising from Defendants' unauthorized use of Plaintiff's name in connection with charitable activities, fundraising, public events, and promotional materials. Plaintiff was organized as a Michigan nonprofit corporation under the name Eric B. Mays Foundation on July 8, 2024. A true and

correct copy of Plaintiff's Articles of Incorporation is attached as Exhibit 2.

2. Shortly after its formation, Plaintiff obtained Employer Identification Number 99-3879250 from the Internal Revenue Service. The Internal Revenue Service subsequently recognized Plaintiff as a tax-exempt public charity, with an effective exemption date of July 8, 2024. True and correct copies of Plaintiff's EIN assignment notice and tax-exempt determination letter are attached as Exhibits 3 and 4. Plaintiff thereafter amended its Articles of Incorporation and updated its registered agent while continuing to operate under the Eric B. Mays Foundation name. Those filings are attached as Exhibits 5 and 6.

3. More than one year after Plaintiff's formation, Defendant Reid participated in the creation of a Florida nonprofit corporation under the confusingly similar name Eric B Mays Foundations Inc. The Florida entity was formed on July 28, 2025, and lists Reid as its registered agent and vice president. A true and correct copy of the Florida Division of Corporations record is attached as Exhibit 7. Defendants later obtained authority for that entity to conduct nonprofit activities in Michigan. A true and correct copy of the corresponding Michigan filing is attached as Exhibit 8.

4. Defendants have not confined their activities to the distinct corporate name “Eric B Mays Foundations Inc.” Instead, Defendants have promoted events, solicited donations, and presented themselves to the public using the singular and materially identical name “The Eric B. Mays Foundation.” Defendants advertised an “Inaugural Launch Celebration” scheduled for August 22, 2026, under that name. The promotional poster states that “The Eric B. Mays Foundation” presents and hosts the event, directs the public to scan a code to donate, and identifies Defendant’s website and contact information. A true and correct copy of that poster is attached as Exhibit 1.

5. Defendants’ use of Plaintiff’s name is likely to cause donors, sponsors, volunteers, community members, and the general public to believe that Defendants’ organization, fundraising efforts, and events are sponsored by, affiliated with, endorsed by, or otherwise connected to Plaintiff. Plaintiff seeks preliminary and permanent injunctive relief, damages, disgorgement of Defendants’ revenues or profits attributable to the challenged conduct, corrective relief, attorneys’ fees where authorized, and all other relief available under federal and Florida law.

## JURISDICTION AND VENUE

6. This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and applicable Florida statutory and common law. Plaintiff alleges that Defendants have used names and designations that are identical or confusingly similar to Plaintiff's Eric B. Mays Foundation name in connection with charitable services, fundraising, promotional activities, and public events in a manner likely to cause confusion regarding affiliation, sponsorship, approval, and source.

7. This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under federal trademark and unfair-competition law.

8. This Court has supplemental jurisdiction over Plaintiff's related Florida-law claims under 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendant Eric B Mays Foundations Inc. because it is a Florida nonprofit corporation with its principal address in Jacksonville, Florida, and conducts activities within Florida. Defendant Nickesha V. Reid is identified in the Florida corporate records as the corporation's registered agent and vice president and maintains an address in Jacksonville, Florida. A true

and correct copy of the relevant Florida corporate record is attached as Exhibit 7.

10. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including the formation, direction, promotion, and operation of Defendant Eric B Mays Foundations Inc. from Jacksonville, Florida.

11. Assignment to the Jacksonville Division is proper because Defendants' identified Florida addresses are located in Jacksonville and Duval County, which is served by the Jacksonville Division of the Middle District of Florida.

12. Defendants have purposefully directed the challenged conduct toward members of the public, donors, sponsors, and community participants through websites, social-media platforms, online event listings, donation solicitations, and other promotional activities accessible within Florida and elsewhere.

13. Plaintiff's federal and state-law claims arise from the same course of conduct, including Defendants' adoption and use of the name Eric B Mays Foundations Inc., their repeated public use of the singular

designation “The Eric B. Mays Foundation,” and their promotion of fundraising and charitable activities under that designation.

**PARTIES**

14. Plaintiff Eric B. Mays Foundation, Inc. ("Plaintiff") is a Michigan nonprofit corporation organized on July 8, 2024, with its principal place of business in Flint, Michigan. Plaintiff was formed to honor the legacy of the late Councilman Eric B. Mays through charitable and educational initiatives and has continuously operated under the name Eric B. Mays Foundation since its formation. A true and correct copy of Plaintiff's Articles of Incorporation is attached hereto as Exhibit 2.

15. Defendant Eric B Mays Foundations Inc. ("Foundations Inc.") is a Florida nonprofit corporation organized under the laws of the State of Florida on July 28, 2025, with its principal place of business in Jacksonville, Florida. Upon information and belief, Foundations Inc. conducts charitable activities, fundraising efforts, promotional campaigns, and public events using names and designations confusingly similar to Plaintiff's name. A true and correct copy of the Florida corporate filing is attached hereto as Exhibit 7, and a true and correct copy of its Michigan registration is attached hereto as Exhibit 8.

16. Defendant Nickesha V. Reid ("Reid") is, upon information and belief, an individual residing in Jacksonville, Florida. Reid is identified in Florida corporate records as the registered agent and vice president of Defendant Eric B Mays Foundations Inc. At all relevant times, Reid directed, authorized, participated in, controlled, or ratified the acts complained of herein, including the formation and operation of Eric B Mays Foundations Inc. and the use of the name "The Eric B. Mays Foundation" in connection with charitable solicitations, promotional materials, and public events.

17. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as DOES I through X, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant participated in, directed, authorized, facilitated, or otherwise bears legal responsibility for the acts, omissions, and damages alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants when they are ascertained.

18. At all relevant times, each Defendant acted individually and/or as an officer, director, employee, member, representative, agent, servant, co-conspirator, alter ego, and/or joint venturer of the

remaining Defendants and, in committing the acts alleged herein, acted within the course and scope of such relationship and with the knowledge, authorization, ratification, approval, and participation of the remaining Defendants.

## FACTUAL ALLEGATIONS

19. Eric B. Mays was a longtime public servant, community leader, and member of the Flint City Council whose legacy continues to be recognized throughout Michigan and elsewhere.

20. Following Councilman Mays' passing, Plaintiff Eric B. Mays Foundation, Inc. was organized to preserve and honor his legacy through charitable, educational, and community-based initiatives.

21. On July 8, 2024, Plaintiff was duly incorporated as a Michigan nonprofit corporation under the name Eric B. Mays Foundation. A true and correct copy of Plaintiff's Articles of Incorporation is attached hereto as Exhibit 2.

22. Shortly thereafter, the Internal Revenue Service assigned Plaintiff Employer Identification Number 99-3879250. A true and correct copy of the IRS Employer Identification Number assignment notice is attached hereto as Exhibit 3.

23. On September 25, 2025, the Internal Revenue Service determined that Plaintiff qualified as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code, effective July 8, 2024. A true and correct copy of the IRS determination letter is attached hereto as Exhibit 4.

24. Plaintiff subsequently amended its Articles of Incorporation and updated its registered office and resident agent while continuing to operate under the name Eric B. Mays Foundation. True and correct copies of those filings are attached hereto as Exhibits 5 and 6.

25. Since its formation, Plaintiff has continuously used the name Eric B. Mays Foundation in connection with its charitable mission, organizational activities, and public outreach.

26. More than one year after Plaintiff's formation, Defendant Eric B Mays Foundations Inc. was organized as a Florida nonprofit corporation on July 28, 2025. The Florida corporate records identify Defendant Nickesha V. Reid as the corporation's registered agent and vice president. A true and correct copy of the Florida corporate records is attached hereto as Exhibit 7.

27. Defendants thereafter sought authority for Eric B Mays Foundations Inc. to conduct business in Michigan. The Michigan filing

identifies Eric Hakeem Deontaye Mays as acting on behalf of Defendant Reid in connection with that registration. A true and correct copy of that filing is attached hereto as Exhibit 8.

28. Although Defendants chose to organize a corporation named Eric B Mays Foundations Inc., Defendants have repeatedly promoted their activities using the singular designation "The Eric B. Mays Foundation," which is identical to Plaintiff's corporate name.

29. Defendants advertised an event entitled the "Inaugural Launch Celebration" scheduled for August 22, 2026, at McCree Theatre in Flint, Michigan. The event poster prominently states that "The Eric B. Mays Foundation" presents the event and further represents that "The Eric B. Mays Foundation Hosts" the event. A true and correct copy of the promotional poster is attached hereto as Exhibit 1.

30. The promotional materials further solicit donations through a QR code, direct the public to register through Eventbrite, and identify ericbmaysfoundations.org as the sponsoring organization's website. Exhibit 1 likewise identifies Eric Hakeem Deontaye Mays as the President and keynote speaker for the event.

31. Defendants' use of the name "The Eric B. Mays Foundation" is likely to cause members of the public to believe that Defendants'

organization, fundraising activities, charitable programs, and public events originate with, are sponsored by, are affiliated with, or have been approved by Plaintiff when they have not.

32. Upon information and belief, Defendants have also used the singular name "Eric B. Mays Foundation" in connection with social media, online event listings, promotional materials, and other public-facing communications, despite their corporation being organized under the different name Eric B Mays Foundations Inc.

33. Defendants' conduct has caused and continues to cause confusion among donors, sponsors, volunteers, community members, and the public concerning the identity, sponsorship, affiliation, and legitimacy of the parties' respective organizations.

34. Defendants have continued their use of Plaintiff's name despite Plaintiff's prior existence and prior rights in the Eric B. Mays Foundation name.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable injury to its goodwill, reputation, identity, fundraising efforts, and charitable mission unless Defendants are enjoined from continuing their unlawful conduct.

## CLAIMS FOR RELIEF

### Count I: False Designation of Origin and False Association

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

36. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

37. Plaintiff has used, and continues to use, the name Eric B. Mays Foundation in connection with its charitable, educational, fundraising, and community outreach activities and has developed valuable goodwill and protectable common-law rights in that name.

38. Defendants have used, and continue to use, the name "The Eric B. Mays Foundation" and other identical or confusingly similar designations in connection with charitable services, fundraising activities, promotional materials, websites, social media, and public events.

39. Defendants' use of the designation "The Eric B. Mays Foundation" is identical or confusingly similar to Plaintiff's name and is likely to cause confusion, mistake, or deception among donors,

sponsors, volunteers, community members, and the general public as to the affiliation, connection, sponsorship, approval, origin, or source of Defendants' activities.

40. Defendants' challenged uses have occurred in commerce, including through websites, social-media platforms, online event listings, donation solicitations, promotional materials, and public-facing communications directed to persons in Florida, Michigan, and elsewhere.

41. Defendants' use of Plaintiff's name and confusingly similar designations has been without Plaintiff's authorization, consent, sponsorship, or approval.

42. Defendants' conduct constitutes false designation of origin, false association, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' unauthorized use of Plaintiff's name has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's reputation, goodwill, charitable mission, donor relationships, fundraising efforts, and ability to control the identity under which its charitable activities are presented to the public.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including injury to its goodwill and reputation, diversion of donations and charitable support, loss of fundraising opportunities, and other damages in an amount to be determined at trial.

45. By reason of the foregoing, Plaintiff is entitled to all remedies available under the Lanham Act, including preliminary and permanent injunctive relief, Defendants' profits, Plaintiff's actual damages, costs of this action, and reasonable attorneys' fees in this exceptional case pursuant to 15 U.S.C. §§ 1116 and 1117.

**Count II: Common Law Trademark Infringement**

**(Florida Common Law)**

**(Against All Defendants)**

46. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff has used, and continues to use, the name Eric B. Mays Foundation in connection with its charitable, educational, fundraising, and community outreach activities and has developed valuable goodwill and protectable common-law rights in that name.

48. Plaintiff's common-law rights in the Eric B. Mays Foundation name arose prior to Defendants' formation and use of the confusingly similar name Eric B Mays Foundations Inc., as reflected by Plaintiff's incorporation on July 8, 2024, and Defendants' subsequent incorporation on July 28, 2025. True and correct copies of those corporate records are attached as Exhibits 2 and 7, respectively.

49. Defendants have used, and continue to use, the name "The Eric B. Mays Foundation" and other confusingly similar designations in connection with charitable services, fundraising activities, public events, promotional materials, websites, social media, and related activities without Plaintiff's authorization.

50. Defendants' use of Plaintiff's name is likely to cause confusion, mistake, or deception among donors, sponsors, volunteers, community members, and the public as to the source, sponsorship, affiliation, endorsement, or approval of Defendants' organization, charitable activities, and fundraising efforts.

51. Defendants' conduct has resulted in the infringement of Plaintiff's common-law trademark rights and has impaired Plaintiff's goodwill, reputation, and ability to distinguish its charitable services from those offered by Defendants.

52. Defendants' infringement has been knowing, intentional, and willful. Despite Plaintiff's prior rights and corporate existence, Defendants have continued using Plaintiff's name in connection with charitable events and promotional activities.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable injury, including injury to its reputation, goodwill, charitable mission, donor relationships, fundraising efforts, and other damages in an amount to be proven at trial.

54. By reason of the foregoing, Plaintiff is entitled to all relief available under Florida common law, including preliminary and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, costs of this action, and such further relief as the Court deems just and proper.

**Count III: Common Law Unfair Competition**

**(Florida Common Law)**

**(Against All Defendants)**

55. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 54 as though fully set forth herein.

56. Florida common law prohibits unfair competition, including the use of names, symbols, or other identifying characteristics in a manner that is likely to deceive or confuse the public regarding the source, sponsorship, affiliation, or approval of goods, services, organizations, or activities.

57. Plaintiff has developed valuable goodwill and recognition in the name Eric B. Mays Foundation through its charitable mission, organizational activities, fundraising efforts, and community outreach.

58. Defendants have intentionally used the name "The Eric B. Mays Foundation" and other confusingly similar designations in connection with charitable services, fundraising activities, promotional materials, websites, social media, and public events despite organizing a separate corporation under the name Eric B Mays Foundations Inc.

59. Defendants' conduct is calculated to create, and has created, a likelihood that members of the public will mistakenly believe Defendants' organization, fundraising activities, charitable services, and public events are sponsored by, affiliated with, endorsed by, or otherwise connected to Plaintiff.

60. Upon information and belief, Defendants have unfairly benefited from the goodwill associated with Plaintiff's name and reputation while

impairing Plaintiff's ability to distinguish its charitable activities from those of Defendants.

61. Defendants' actions constitute unfair competition under Florida common law and have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill, reputation, donor relationships, fundraising efforts, charitable mission, and ability to carry out its organizational purposes.

62. As a direct and proximate result of Defendants' unfair competition, Plaintiff has sustained damages, including injury to its goodwill and reputation, diversion of donations, loss of fundraising opportunities, and other damages in an amount to be determined at trial.

63. By reason of the foregoing, Plaintiff is entitled to all relief available under Florida common law, including preliminary and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, costs of this action, and such other and further relief as the Court deems just and proper.

**Count IV: Violation of the Florida Deceptive and Unfair Trade Practices Act**

**Fla. Stat. §§ 501.201–501.213**

**(Against All Defendants)**

64. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 63 as though fully set forth herein.

65. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

66. At all relevant times, Defendants engaged in trade or commerce by advertising, promoting, marketing, soliciting donations, organizing charitable events, and representing themselves to the public through websites, social media, promotional materials, and other communications.

67. Defendants engaged in unfair and deceptive acts and practices by using the name "The Eric B. Mays Foundation" despite organizing a separate corporation under the name Eric B Mays Foundations Inc. Defendants further advertised and promoted charitable events under

Plaintiff's name, held themselves out in a manner likely to cause the public to believe that Defendants' organization, fundraising activities, and charitable events were affiliated with, sponsored by, endorsed by, or otherwise connected to Plaintiff, and created a substantial likelihood of confusion among donors, sponsors, volunteers, and members of the public regarding the identity and legitimacy of the parties' respective organizations.

68. Defendants' deceptive and unfair conduct has caused, and is likely to continue causing, confusion and deception among consumers and members of the public and has injured Plaintiff's goodwill, reputation, fundraising efforts, donor relationships, and charitable mission.

69. Defendants' conduct offends established public policy, is unethical, unscrupulous, and substantially injurious to consumers and to Plaintiff, and therefore constitutes unfair methods of competition and unfair or deceptive acts or practices within the meaning of FDUTPA.

70. As a direct and proximate result of Defendants' violations of FDUTPA, Plaintiff has sustained damages and continues to suffer injury, including loss of goodwill, reputational harm, diversion of

charitable support, and other damages in an amount to be proven at trial.

71. By reason of the foregoing, Plaintiff is entitled to all relief available under the Florida Deceptive and Unfair Trade Practices Act, including declaratory and injunctive relief, actual damages as permitted by law, reasonable attorneys' fees and costs pursuant to section 501.2105, Florida Statutes, and such other and further relief as the Court deems just and proper.

**Count V: Declaratory Judgment**

**28 U.S.C. §§ 2201–2202**

**(Against All Defendants)**

72. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 71 as though fully set forth herein.

73. An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning the parties' respective rights to use the name "Eric B. Mays Foundation" and confusingly similar designations in connection with charitable services, fundraising, public events, promotional activities, and related endeavors.

74. Plaintiff contends that it possesses prior and superior rights in the name Eric B. Mays Foundation by virtue of its prior incorporation, continuous operation, and use of that name in connection with its charitable mission. Defendants dispute, or by their conduct have demonstrated an intent to dispute, Plaintiff's rights by continuing to use the identical or confusingly similar designation in connection with their own charitable activities.

75. Defendants have promoted charitable events, solicited donations, and otherwise represented themselves to the public using the name "The Eric B. Mays Foundation," thereby creating an actual controversy concerning the parties' respective legal rights and obligations.

76. Unless this controversy is resolved by this Court, Plaintiff will continue to suffer irreparable harm, including injury to its goodwill, reputation, donor relationships, fundraising efforts, and charitable mission.

77. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaration of the parties' respective rights and legal relations.

78. Plaintiff seeks a declaration that Plaintiff possesses prior and superior rights in the name Eric B. Mays Foundation, that Defendants' use of "The Eric B. Mays Foundation" and any confusingly similar

designation is likely to cause confusion and infringes upon Plaintiff's rights, that Defendants have no right to represent that their organization, fundraising activities, charitable services, or public events are affiliated with, sponsored by, endorsed by, or otherwise connected with Plaintiff, and that Plaintiff is entitled to injunctive and other appropriate relief to protect its rights.

79. By reason of the foregoing, Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, together with such further relief as this Court deems just and proper.

**Count VI: Permanent Injunctive Relief**

**15 U.S.C. §§ 1116 and 1117; Fed. R. Civ. P. 65**

**(Against All Defendants)**

80. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 79 as though fully set forth herein.

81. Defendants have used and continue to use the name "The Eric B. Mays Foundation" and other confusingly similar designations in connection with charitable services, fundraising activities, promotional

materials, websites, social media, and public events without Plaintiff's authorization.

82. Defendants' conduct has caused, and unless restrained will continue to cause, confusion, mistake, and deception among donors, sponsors, volunteers, community members, and the general public concerning the source, sponsorship, affiliation, approval, and identity of Plaintiff's charitable organization and Defendants' activities.

83. Defendants' continued use of Plaintiff's name has caused and will continue to cause Plaintiff immediate and irreparable injury, including damage to Plaintiff's goodwill, reputation, charitable mission, donor relationships, fundraising efforts, and ability to control the use of its name. Such injuries cannot be fully compensated by monetary damages alone.

84. Unless permanently enjoined, Defendants will continue to engage in the unlawful conduct alleged herein, thereby causing additional confusion and further irreparable harm to Plaintiff.

85. The balance of hardships weighs heavily in Plaintiff's favor because Defendants have no legitimate interest in continuing to use Plaintiff's name or any confusingly similar designation, whereas

Plaintiff will continue to suffer irreparable harm if Defendants are permitted to do so.

86. The public interest favors the entry of permanent injunctive relief because the public has a strong interest in preventing consumer confusion, protecting charitable donors from deception, and ensuring that charitable organizations are accurately identified.

87. Plaintiff has no adequate remedy at law and is therefore entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and the Court's equitable powers.

88. By reason of the foregoing, Plaintiff is entitled to the entry of a permanent injunction prohibiting Defendants, and all persons acting in concert or participation with them, from using the name "Eric B. Mays Foundation," "The Eric B. Mays Foundation," or any other name, designation, mark, or identifier confusingly similar thereto in connection with charitable organizations, fundraising activities, promotional materials, websites, social media accounts, public events, advertising, or any other activity likely to cause confusion regarding Plaintiff's identity or affiliation. Plaintiff further requests that Defendants be ordered to remove or discontinue all existing uses of Plaintiff's name and any confusingly similar designation and to provide

such additional equitable relief as the Court deems necessary to prevent further infringement and consumer confusion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric B. Mays Foundation, Inc. respectfully requests that judgment be entered in its favor and against Defendants, and each of them, as follows:

1. For preliminary and permanent injunctive relief prohibiting Defendants from using the name **"Eric B. Mays Foundation," "The Eric B. Mays Foundation,"** or any other confusingly similar name, designation, or identifier in connection with charitable services, fundraising activities, promotional materials, websites, social media, advertising, or public events;

2. For an Order requiring Defendants to remove, discontinue, and destroy all advertisements, promotional materials, websites, social media content, domain names, printed materials, and other materials using Plaintiff's name or any confusingly similar designation;

3. For compensatory damages in an amount to be determined at trial, including but not limited to damages for injury to Plaintiff's goodwill,

reputation, charitable mission, donor relationships, fundraising efforts, and other economic and non-economic losses recoverable under applicable law;

4. For an accounting and disgorgement of Defendants' revenues, profits, donations, and other benefits obtained as a result of the unlawful conduct alleged herein;

5. For declaratory relief declaring that Plaintiff possesses prior and superior rights in the name **Eric B. Mays Foundation** and that Defendants' conduct violates Plaintiff's rights under federal and Florida law;

6. For prejudgment interest and post-judgment interest as permitted by law;

7. For reasonable attorneys' fees, litigation expenses, and costs pursuant to the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, and all other applicable federal and state law;

8. For such other and further legal and equitable relief as the Court deems just, proper, and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
**LLG NATIONAL LAW GROUP**



Robert S. Mactavish, Esquire
Florida Bar No. 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
*Attorney for Plaintiff*