UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC B. MAYS FOUNDATION, INC,

Plaintiff,

v. Case No.: 3:26-cv-2393-JEP-PDB

ERIC B. MAYS FOUNDATIONS, INC, NICKESHA V REID and DOES I THROUGH X,

Defendants.
__________________________________/

**ORDER**

**THIS CAUSE** is before this Court on *sua sponte* review of the Complaint (Doc. 1). Based on this Court's review, the complaint is an impermissible shotgun pleading that is due to be dismissed.

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quotation omitted). "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146

F. App'x 368, 371 (11th Cir. 2005) (unpublished but persuasive) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001)). "Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading sua sponte." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (unpublished but persuasive); *see also Johnson Enters. of Jacks., Inc. v. FPL Grp.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district court should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has identified shotgun pleadings as those that:

> (1) "contain[ ] multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

*Sarhan v. Mia. Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020) (unpublished but persuasive) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

The complaint in this action falls into at least the first category of shotgun pleadings. Each count adopts the allegations set forth in all

preceding counts. (*See* Doc. 1, ¶¶ 46, 55, 64, 72, 80). This runs afoul of the Eleventh Circuit's prohibition on shotgun pleadings. *See Weiland*, 792 F.3d at 1321. In addition, while Plaintiff names Does I through X as Defendants in this case, Plaintiff asserts—on information and belief—only "that each fictitiously named Defendant participated in, directed, authorized, facilitated, or otherwise bears legal responsibility for the acts, omissions, and damages alleged." (Doc. 1, ¶ 17). But "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (noting "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage" (quotation omitted)). Accordingly, the complaint will be dismissed without prejudice, and Plaintiff will be directed to file an amended complaint that resolves all shotgun issues and omits or adequately identifies all fictitious parties.

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **October 6, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all Local Rules and Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Jacksonville, Florida on September 22, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record