# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Jacksonville Division

| | |
|---|---|
| ERIC B. MAYS FOUNDATION, INC.,<br>a Michigan nonprofit corporation,<br>*Plaintiff,*<br><br>**-v-**<br><br>ERIC B MAYS FOUNDATIONS INC.,<br>a Florida nonprofit corporation; and<br>NICKESHA V. REID, an individual;<br>*Defendants.* | Case No. 3:26-cv-02393-JEP-PDB<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

**COMES NOW** Plaintiff, ERIC B. MAYS FOUNDATION, INC. ("Plaintiff"), by and through undersigned counsel, and files this Amended Complaint[1] against Defendants ERIC B MAYS FOUNDATIONS, INC. and NICKESHA V. REID ("Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff Eric B. Mays Foundation, Inc. ("Plaintiff") brings this action against Defendants Eric B Mays Foundations Inc. and Nickesha V. Reid ("Defendants") arising from Defendants' unauthorized use of Plaintiff's name in connection with charitable activities, fundraising, public events, and

[1] This Amended Complaint is filed in accordance with the Court's Order (Doc. 8) dismissing Plaintiff's Complaint as a shotgun pleading and directing the Plaintiff to file an Amended Complaint on or before October 6, 2026.

promotional materials. Plaintiff was organized as a Michigan nonprofit corporation under the name Eric B. Mays Foundation on July 8, 2024. A true and correct copy of Plaintiff's Articles of Incorporation is attached as Exhibit 2.

2. Shortly after its formation, Plaintiff obtained Employer Identification Number 99-3879250 from the Internal Revenue Service. The Internal Revenue Service subsequently recognized Plaintiff as a tax-exempt public charity, with an effective exemption date of July 8, 2024. True and correct copies of Plaintiff's EIN assignment notice and tax-exempt determination letter are attached as Exhibits 3 and 4. Plaintiff thereafter amended its Articles of Incorporation and updated its registered agent while continuing to operate under the Eric B. Mays Foundation name. Those filings are attached as Exhibits 5 and 6.

3. More than one year after Plaintiff's formation, Defendant Reid participated in the creation of a Florida nonprofit corporation under the confusingly similar name Eric B Mays Foundations Inc. The Florida entity was formed on July 28, 2025, and lists Reid as its registered agent and vice president. A true and correct copy of the Florida Division of Corporations record is attached as Exhibit 7. The entity thereafter obtained authority to conduct nonprofit activities in Michigan. A true and correct copy of the corresponding Michigan filing is attached as Exhibit 8.

4. Defendants have not confined their activities to the corporate name "Eric B Mays Foundations Inc." Instead, Defendants have promoted events, solicited donations, and presented themselves to the public using the singular and materially identical name "The Eric B. Mays Foundation." Defendants advertised an "Inaugural Launch Celebration" scheduled for August 22, 2026, under that name. The promotional poster states that "The Eric B. Mays Foundation" presents and hosts the event, directs the public to scan a code to donate, and identifies Defendants' website and contact information. A true and correct copy of that poster is attached as Exhibit 1.

5. Defendants' use of Plaintiff's name is likely to cause donors, sponsors, volunteers, community members, and members of the general public to believe that Defendants' organization, fundraising efforts, and events are sponsored by, affiliated with, endorsed by, or otherwise connected to Plaintiff. Defendants' use of the name has created an actual and continuing risk of confusion concerning the identity, affiliation, sponsorship, and source of Defendants' charitable activities and fundraising efforts.

**JURISDICTION AND VENUE**

6. This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and applicable Florida statutory and common law. Plaintiff alleges that Defendants have used names and designations that are identical or confusingly similar to Plaintiff's Eric B. Mays Foundation name in

connection with charitable services, fundraising, promotional activities, and public events in a manner likely to cause confusion regarding affiliation, sponsorship, approval, and source.

7. This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under federal trademark and unfair-competition law. This Court has supplemental jurisdiction over Plaintiff's related Florida-law claims under 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

8. This Court has personal jurisdiction over Defendant Eric B Mays Foundations Inc. because it is a Florida nonprofit corporation with its principal address in Jacksonville, Florida, and conducts activities within Florida. Defendant Nickesha V. Reid is identified in the Florida corporate records as the corporation's registered agent and vice president and maintains an address in Jacksonville, Florida. A true and correct copy of the relevant Florida corporate record is attached as Exhibit 7.

9. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the formation, promotion, and operation of Defendant Eric B Mays Foundations Inc. from Jacksonville, Florida.

10. Assignment to the Jacksonville Division is proper because Defendants' identified Florida addresses are located in Jacksonville, Florida, within Duval County, which is served by the Jacksonville Division of the Middle District of Florida.

11. Defendants have purposefully directed the challenged conduct toward members of the public, donors, sponsors, and community participants through websites, social-media platforms, online event listings, donation solicitations, and other promotional activities accessible within Florida and elsewhere. Plaintiff's federal and state-law claims arise from the same course of conduct, including Defendants' adoption and use of the name Eric B Mays Foundations Inc., their public use of the singular designation "The Eric B. Mays Foundation," and their promotion of fundraising and charitable activities under that designation.

**PARTIES**

12. Plaintiff Eric B. Mays Foundation, Inc. ("Plaintiff") is a Michigan nonprofit corporation organized on July 8, 2024, with its principal place of business in Flint, Michigan. Plaintiff was formed to honor the legacy of the late Councilman Eric B. Mays through charitable and educational initiatives and has continuously operated under the name Eric B. Mays Foundation since its formation. A true and correct copy of Plaintiff's Articles of Incorporation is attached hereto as Exhibit 2.

13. Defendant Eric B Mays Foundations Inc. ("Foundations Inc.") is a Florida nonprofit corporation organized under the laws of the State of Florida on July 28, 2025, with its principal place of business in Jacksonville, Florida. Upon information and belief, Foundations Inc. conducts charitable activities, fundraising efforts, promotional campaigns, and public events using names and designations confusingly similar to Plaintiff's name. A true and correct copy of the Florida corporate filing is attached hereto as Exhibit 7, and a true and correct copy of its Michigan registration is attached hereto as Exhibit 8.

14. Defendant Nickesha V. Reid ("Reid") is, upon information and belief, an individual residing in Jacksonville, Florida. Reid is identified in Florida corporate records as the registered agent and vice president of Defendant Eric B Mays Foundations Inc. At all relevant times, Reid directed, authorized, participated in, controlled, or ratified acts complained of herein, including the formation and operation of Eric B Mays Foundations Inc. and the use of the name "The Eric B. Mays Foundation" in connection with charitable solicitations, promotional materials, and public events.

**FACTUAL ALLEGATIONS**

15. Eric B. Mays was a longtime public servant, community leader, and member of the Flint City Council whose legacy continues to be recognized throughout Michigan and elsewhere.

16. Following Councilman Mays' passing, Plaintiff Eric B. Mays Foundation, Inc. was organized to preserve and honor his legacy through charitable, educational, and community-based initiatives.

17. Plaintiff was organized as a Michigan nonprofit corporation under the name Eric B. Mays Foundation on July 8, 2024. Plaintiff was formed to honor the legacy of the late Councilman Eric B. Mays through charitable, educational, and community initiatives. A true and correct copy of Plaintiff's Articles of Incorporation is attached hereto as Exhibit 2.

18. Shortly after its formation, Plaintiff obtained Employer Identification Number 99-3879250 from the Internal Revenue Service under the name Eric B Mays Foundation Inc. A true and correct copy of the IRS EIN assignment notice is attached hereto as Exhibit 3.

19. On September 25, 2025, the Internal Revenue Service determined that Plaintiff qualified as an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code, effective July 8, 2024. The IRS recognized Plaintiff as a public charity operating under the Eric B. Mays Foundation name. A true and correct copy of the IRS determination letter is attached hereto as Exhibit 4.

20. Plaintiff subsequently amended its Articles of Incorporation and updated its registered office and resident agent while continuing to operate

under the name Eric B. Mays Foundation. True and correct copies of those filings are attached hereto as Exhibits 5 and 6.

21. Since its formation, Plaintiff has continuously used the name Eric B. Mays Foundation in connection with its charitable mission, organizational activities, public outreach, and community initiatives.

22. On July 28, 2025, more than one year after Plaintiff's formation, Defendant Eric B Mays Foundations Inc. ("Foundations Inc.") was organized as a Florida nonprofit corporation.

23. The Florida corporate records identify Nickesha V. Reid ("Reid") as the registered agent and Vice President of Foundations Inc. The same records identify Eric Mays as President and identify Jacksonville, Florida as the corporation's principal address. A true and correct copy of the Florida corporate record is attached hereto as Exhibit 7.

24. Foundations Inc. subsequently sought authority to conduct nonprofit activities in Michigan. The Michigan filing identifies Eric Hakeem Deontaye Mays as the registered agent for Foundations Inc. and reflects that he signed the filing in the capacity of "Attorney in Fact" on behalf of Nickesha V. Reid. The filing further identifies the organization as a Florida corporation and describes its charitable purposes. A true and correct copy of the Michigan filing is attached hereto as Exhibit 8.

25. Thus, although Plaintiff had already been operating under the name Eric B. Mays Foundation for more than a year, Foundations Inc. was subsequently organized under the materially similar corporate name Eric B Mays Foundations Inc.

26. Foundations Inc. has not confined its public-facing activities to the corporate name under which it was organized. Instead, Foundations Inc. has promoted charitable activities, public events, fundraising efforts, and related activities using the singular designation "The Eric B. Mays Foundation."

27. The designation "The Eric B. Mays Foundation" is materially identical to Plaintiff's corporate name, Eric B. Mays Foundation, and differs principally by the addition of the article "The."

28. Foundations Inc. advertised an event entitled the "Inaugural Launch Celebration," scheduled for August 22, 2026, at McCree Theatre in Flint, Michigan.

29. The promotional materials for that event expressly state that "The Eric B. Mays Foundation" presents the event and further state that "The Eric B. Mays Foundation Hosts" the event. A true and correct copy of the promotional poster is attached hereto as Exhibit 1.

30. The promotional materials also solicit donations through a QR code, direct members of the public to register through Eventbrite, and identify ericbmaysfoundations.org as the sponsoring organization's website. The same

materials identify Eric Hakeem Deontaye Mays as President and keynote speaker for the event. Exhibit 1.

31. Foundations Inc.'s use of the designation "The Eric B. Mays Foundation" therefore places Plaintiff's exact corporate name in connection with charitable programming, fundraising, event promotion, and public-facing communications.

32. The challenged designation is used in connection with activities that are the same or closely related to the charitable, educational, fundraising, and community activities for which Plaintiff has used the name Eric B. Mays Foundation since its formation.

33. Upon information and belief, Foundations Inc. has also used the singular designation "Eric B. Mays Foundation" in connection with social-media accounts, online event listings, promotional materials, and other public-facing communications, notwithstanding that its actual corporate name is Eric B Mays Foundations Inc.

34. Upon information and belief, Foundations Inc. has used the designation "Eric B. Mays Foundation" and "The Eric B. Mays Foundation" in connection with charitable activities and fundraising efforts directed toward members of the public, donors, sponsors, volunteers, and community participants.

35. Upon information and belief, Reid participated in, authorized, or was otherwise involved in the formation and operation of Foundations Inc. and its use of the challenged designation, including through her position as Vice President and registered agent of Foundations Inc. and her involvement reflected in the Michigan registration documents.

36. Upon information and belief, Reid had knowledge of Foundations Inc.'s use of the designation "Eric B. Mays Foundation" and "The Eric B. Mays Foundation" in connection with its charitable activities, fundraising efforts, promotional materials, and public events.

37. Plaintiff has never authorized, consented to, sponsored, endorsed, approved, or otherwise permitted Foundations Inc. or Reid to use Plaintiff's name Eric B. Mays Foundation, or the materially identical designation "The Eric B. Mays Foundation," in connection with charitable activities, fundraising, public events, promotional materials, websites, social media, or other public-facing communications.

38. Foundations Inc.'s use of Plaintiff's name and the materially identical designation "The Eric B. Mays Foundation" is likely to cause donors, sponsors, volunteers, community members, and members of the general public to believe that Foundations Inc.'s organization, charitable programs, fundraising activities, events, or solicitations originate with, are sponsored by, affiliated with, endorsed by, approved by, or otherwise connected to Plaintiff.

39. The use of Plaintiff's name in connection with fundraising and charitable activities is particularly significant because members of the public encountering the challenged designation may reasonably understand the organization presenting or hosting those activities to be the Eric B. Mays Foundation, without distinguishing between Plaintiff and Foundations Inc.

40. Upon information and belief, Foundations Inc. has continued to use the challenged designation in public-facing activities despite Plaintiff's prior formation, continuous use of the Eric B. Mays Foundation name, and existence as a federally recognized Section 501(c)(3) public charity.

41. The chronology is significant: Plaintiff began operating under the name Eric B. Mays Foundation on July 8, 2024; Foundations Inc. was not organized until July 28, 2025; and Foundations Inc. thereafter used the materially identical designation "The Eric B. Mays Foundation" in connection with its charitable activities and public event promotion.

42. Foundations Inc.'s use of the challenged designation has placed Plaintiff's name directly in the marketplace and public sphere alongside Foundations Inc.'s own charitable activities, fundraising efforts, promotional materials, and events.

43. Plaintiff's name identifies its charitable organization to the public and is associated with Plaintiff's charitable mission, community activities, fundraising efforts, and organizational goodwill.

44. Foundations Inc.'s use of the same or materially identical designation threatens to interfere with Plaintiff's ability to control the manner in which its name and charitable identity are presented to the public and to distinguish Plaintiff's activities from those of Foundations Inc.

45. Plaintiff has suffered and continues to face injury to its goodwill, reputation, charitable identity, fundraising efforts, donor and community relationships, and ability to control the presentation of its organization to the public as a result of the challenged use.

**CLAIMS FOR RELIEF**

**COUNT I**
**<u>False Designation of Origin and False Association</u>**
**(15 U.S.C. § 1125(a))**
***(Against Eric B Mays Foundations Inc. and Nickesha V. Reid)***

46. Plaintiff has continuously used the name "Eric B. Mays Foundation" in connection with its charitable, educational, fundraising, community, and public-outreach activities since July 8, 2024, and has developed goodwill associated with that name.

47. Defendant Eric B Mays Foundations Inc. subsequently used the materially identical designation "The Eric B. Mays Foundation" in connection with charitable activities, fundraising, promotional materials, websites, and public events, including the August 22, 2026 "Inaugural Launch Celebration" described in paragraphs 26 through 28 above.

48. The challenged designation uses the same distinctive combination of "Eric B. Mays" and "Foundation" as Plaintiff's name, differing principally by the addition of the article "The." Defendants' activities are also closely related to Plaintiff's activities because both organizations present themselves as charitable organizations and engage in fundraising, community activities, public events, and related public-facing communications.

49. The challenged designation was used in connection with a public event presented and hosted under the name "The Eric B. Mays Foundation," while simultaneously soliciting donations and directing members of the public to an organizational website and other contact information. These circumstances create a likelihood that donors, sponsors, volunteers, community members, and members of the public will believe that Defendant's organization or activities are sponsored by, affiliated with, endorsed by, approved by, or otherwise connected to Plaintiff.

50. Upon information and belief, Defendant Eric B Mays Foundations Inc. has also used "Eric B. Mays Foundation" in other public-facing communications, including social media, online event listings, promotional materials, and fundraising activities, notwithstanding that its actual corporate name is Eric B Mays Foundations Inc.

51. Plaintiff has never authorized, licensed, sponsored, endorsed, approved, or otherwise consented to Defendants' use of "Eric B. Mays

Foundation," "The Eric B. Mays Foundation," or any materially identical or confusingly similar designation.

52. Defendant Eric B Mays Foundations Inc. used the challenged designation in commerce in connection with charitable services, fundraising solicitations, public-event promotion, websites, and other public-facing activities, thereby creating a false or misleading representation concerning the affiliation, connection, sponsorship, approval, or origin of those activities in violation of 15 U.S.C. § 1125(a)(1)(A).

53. As a result of Defendant Eric B Mays Foundations Inc.'s conduct, Plaintiff has suffered and continues to face injury to the goodwill, reputation, charitable identity, fundraising efforts, and donor and community relationships associated with the Eric B. Mays Foundation name.

54. Defendant Nickesha V. Reid is also personally liable for the conduct alleged herein. Upon information and belief, Reid participated in, authorized, directed, or ratified the formation and operation of Eric B Mays Foundations Inc. and its use of the challenged designation. The Florida corporate records identify Reid as the corporation's registered agent and vice president, and the subsequent Michigan filing reflects that an attorney in fact acted on her behalf in connection with the corporation's registration.

55. Reid's liability is based on her alleged personal participation in, authorization of, direction of, or ratification of the challenged conduct, and not

merely on her status as an officer or registered agent of Eric B Mays Foundations Inc.

56. Defendants' conduct constitutes false designation of origin and false association in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

57. Plaintiff is entitled to the remedies available under the Lanham Act, including appropriate injunctive relief, damages, Defendants' profits attributable to the unlawful conduct where recoverable, costs, and reasonable attorneys' fees in an exceptional case pursuant to 15 U.S.C. §§ 1116 and 1117, together with such other relief as the Court deems appropriate.

**Count II**
**Common Law Trademark Infringement**
**(Florida Common Law)**
***(Against Eric B Mays Foundations Inc. and Nickesha V. Reid)***

58. Plaintiff has established goodwill and a protectable business and charitable identity through its continuous use of the “Eric B. Mays Foundation” name in connection with its charitable, educational, fundraising, community, and public-outreach activities since July 8, 2024.

59. Defendant Eric B Mays Foundations Inc. has used the materially identical designation “The Eric B. Mays Foundation” in connection with similar charitable activities, fundraising, public events, promotional materials,

and public-facing communications, including the August 22, 2026, event described above.

60. Defendant's use of the challenged designation, including its presentation of “The Eric B. Mays Foundation” as the organization presenting and hosting a public event while soliciting donations, constitutes deceptive conduct because it is likely to cause members of the public to believe that Defendant's organization or activities are affiliated with, sponsored by, endorsed by, approved by, or otherwise connected to Plaintiff.

61. The likelihood of confusion is supported by the material identity of the names, the closely related charitable activities of the parties, the overlapping public and fundraising audiences, the use of similar promotional channels, and Defendant's use of the singular “The Eric B. Mays Foundation” rather than its actual corporate name, Eric B Mays Foundations Inc.

62. Defendant Eric B Mays Foundations Inc.'s conduct constitutes unfair competition under Florida common law because it appropriates Plaintiff's established name and goodwill and presents Defendant's charitable activities to the public under a designation likely to be confused with Plaintiff's name and charitable identity.

63. Defendant Nickesha V. Reid is also personally liable to the extent she personally participated in, authorized, directed, or ratified the challenged use of Plaintiff's name and goodwill. Upon information and belief, Reid's

involvement included participation in the formation and operation of Eric B Mays Foundations Inc. and authorization or ratification of its use of the challenged designation.

64. Defendants' conduct has caused and continues to cause injury to Plaintiff's goodwill, reputation, charitable identity, fundraising efforts, and donor and community relationships.

65. Plaintiff is therefore entitled to the remedies available under Florida common law, including injunctive relief, damages, and such other relief as the Court deems appropriate.

**Count III**
**<u>Common Law Unfair Competition</u>**
**(Florida Common Law)**
***(Against Eric B Mays Foundations Inc. and Nickesha V. Reid)***

66. Plaintiff is the prior user of the "Eric B. Mays Foundation" name and has developed goodwill and recognition in that name through its continued charitable, educational, fundraising, community, and public-outreach activities since July 8, 2024.

67. Defendant Eric B Mays Foundations Inc. has used the materially identical designation "The Eric B. Mays Foundation" in connection with charitable activities, fundraising, promotional materials, websites, and public events, including the August 22, 2026, event described in paragraphs 26 through 28 above.

68. Defendant's use of "The Eric B. Mays Foundation" is likely to cause members of the public to believe that Defendant's organization, fundraising activities, charitable services, and public events are sponsored by, affiliated with, endorsed by, approved by, or otherwise connected to Plaintiff.

69. The likelihood of confusion arises from, among other circumstances, the material identity of the parties' names, the closely related nature of their charitable activities, their use of the challenged designation in connection with fundraising and public events, the overlapping audiences of donors, sponsors, volunteers, community members, and the general public, and Defendant's use of the singular designation "The Eric B. Mays Foundation" rather than its actual corporate name, Eric B Mays Foundations Inc.

70. Defendant's use of the challenged designation constitutes deceptive and unfair conduct because it appropriates the goodwill associated with Plaintiff's established name and presents Defendant's charitable activities to the public under a designation likely to cause confusion as to source, sponsorship, affiliation, or approval.

71. Upon information and belief, Defendant Eric B Mays Foundations Inc. has continued using the challenged designation despite Plaintiff's prior use of the Eric B. Mays Foundation name and despite Plaintiff's lack of authorization or consent to such use.

72. Defendant Nickesha V. Reid is also personally liable for the unfair competition to the extent she personally participated in, authorized, directed, or ratified the challenged use of Plaintiff's name and goodwill. Upon information and belief, Reid participated in the formation and operation of Eric B Mays Foundations Inc. and authorized, directed, participated in, or ratified its use of the challenged designations.

73. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and continues to face injury to its goodwill, reputation, charitable identity, fundraising efforts, and donor and community relationships.

74. Defendants' conduct constitutes unfair competition under Florida common law, and Plaintiff is entitled to appropriate relief, including injunctive relief and damages to the extent proven, together with such other relief as the Court deems appropriate.

**Count IV**
**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. §§ 501.201–501.213**
***(Against Eric B Mays Foundations Inc. and Nickesha V. Reid)***

75. FDUTPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. Fla. Stat. § 501.204(1). The statute expressly includes nonprofit and not-for-profit persons

and activities within the definition of “trade or commerce.” Fla. Stat. § 501.203(8).

76. Defendant Eric B Mays Foundations Inc. engaged in trade or commerce within the meaning of FDUTPA by advertising, promoting, and conducting charitable activities and public events, soliciting donations, promoting its organization through a website and other public-facing communications, and offering or providing charitable activities to members of the public.

77. Defendant Eric B Mays Foundations Inc. engaged in unfair and deceptive acts or practices by using “The Eric B. Mays Foundation” and “Eric B. Mays Foundation” in connection with its charitable activities and fundraising despite being organized under the separate corporate name Eric B Mays Foundations Inc.

78. Defendant's use of those designations, including its representation that “The Eric B. Mays Foundation” presented and hosted the August 22, 2026 event while soliciting donations from the public, was likely to mislead persons acting reasonably under the circumstances into believing that Defendant's organization or activities were affiliated with, sponsored by, endorsed by, approved by, or otherwise connected to Plaintiff.

79. The challenged conduct was unfair and deceptive because Plaintiff had already established and continuously used the Eric B. Mays Foundation

name in connection with substantially similar charitable, fundraising, community, and public-facing activities, and Plaintiff never authorized Defendant to use that name or a materially identical designation.

80. Defendant's deceptive and unfair conduct was directed at members of the public, including donors, sponsors, volunteers, community members, and persons participating in or supporting charitable events and activities. The conduct therefore affected consumers and members of the public within the scope of FDUTPA.

81. The deceptive and unfair conduct caused injury to Plaintiff by creating confusion concerning the identity and affiliation of the respective organizations and by impairing Plaintiff's ability to distinguish its charitable activities, fundraising efforts, and public identity from those of Defendant.

82. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual economic loss, including loss or impairment of fundraising opportunities and charitable support, in an amount to be established through discovery and proven at trial.

83. Upon information and belief, Defendant Nickesha V. Reid is also liable to the extent she personally participated in, authorized, directed, or ratified the conduct described above. Upon information and belief, Reid participated in the formation and operation of Eric B Mays Foundations Inc.

and authorized, directed, participated in, or ratified its use of the challenged designations in connection with its charitable and fundraising activities.

84. Defendants' conduct constitutes unfair or deceptive acts or practices in violation of Fla. Stat. § 501.204(1).

85. Plaintiff is entitled to the relief available under FDUTPA, including declaratory or injunctive relief pursuant to Fla. Stat. § 501.211(1), actual damages to the extent recoverable pursuant to Fla. Stat. § 501.211(2), and reasonable attorneys' fees and costs as provided by Fla. Stat. § 501.2105, together with such other relief as the Court deems appropriate.

**Count V**
**Declaratory Judgment**
**28 U.S.C. §§ 2201–2202**
***(Against Eric B Mays Foundations, Inc. and Nickesha V. Reid)***

86. An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning the parties' respective rights to use the designation "Eric B. Mays Foundation," "The Eric B. Mays Foundation," and confusingly similar designations in connection with charitable activities, fundraising, public events, promotional activities, and related communications.

87. Plaintiff contends that it has prior and superior rights in the name "Eric B. Mays Foundation" based on its prior formation, continuous use, charitable activities, and development of goodwill associated with that name.

88. Defendants have used "The Eric B. Mays Foundation" and, upon information and belief, "Eric B. Mays Foundation" in connection with their own charitable activities, fundraising efforts, promotional materials, public events, and related communications, despite Plaintiff's prior use and without Plaintiff's authorization or consent.

89. Defendants' continued use of those designations creates an actual controversy concerning whether Defendants may lawfully use the designations and whether such use may represent or imply that Defendants' organization, charitable activities, fundraising efforts, services, or events are affiliated with, sponsored by, endorsed by, approved by, or otherwise connected to Plaintiff.

90. The controversy is sufficiently immediate and concrete because Defendants' challenged use is ongoing or threatens to continue, and Plaintiff's rights and interests in its name, charitable identity, goodwill, fundraising efforts, and donor and community relationships are presently affected.

91. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of the parties' respective rights and legal relations concerning the use of the disputed designations.

92. Plaintiff therefore seeks a declaration that Plaintiff possesses superior rights, as between the parties, in the designation "Eric B. Mays Foundation"; that Defendants have no right to use "The Eric B. Mays Foundation," "Eric B. Mays Foundation," or a confusingly similar designation

in a manner likely to cause confusion as to source, sponsorship, affiliation, endorsement, approval, or connection with Plaintiff; and that Defendants may not represent or imply that their organization, charitable activities, fundraising efforts, services, or public events are affiliated with, sponsored by, endorsed by, approved by, or otherwise connected to Plaintiff.

93. Pursuant to 28 U.S.C. § 2202, Plaintiff further seeks such supplemental relief, including appropriate injunctive relief, as may be necessary or proper to enforce the declaration and protect Plaintiff's rights.

94. By reason of the foregoing, Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201–2202, together with such further relief as the Court deems just and proper.

**Count VI**
**<u>Permanent Injunctive Relief</u>**
**15 U.S.C. §§ 1116; Fed. R. Civ. P. 65**
***(Against Eric B Mays Foundations Inc. and Nickesha V. Reid)***

95. Defendants have used and, upon information and belief, continue to use "The Eric B. Mays Foundation," "Eric B. Mays Foundation," and other confusingly similar designations in connection with charitable activities, fundraising, promotional materials, websites, social media, public events, and related communications without Plaintiff's authorization or consent.

96. Defendants' use of those designations is likely to cause confusion, mistake, and deception concerning the source, sponsorship, affiliation,

endorsement, approval, or connection of Defendants' charitable activities and Plaintiff's organization.

97. Defendants' continued use threatens Plaintiff's goodwill, reputation, charitable identity, fundraising efforts, donor and community relationships, and ability to control the presentation and use of its name.

98. Plaintiff has no adequate remedy at law for the continuing harm caused by confusion and impairment of its goodwill and charitable identity. Monetary damages alone cannot fully remedy the loss of control over Plaintiff's name and the resulting risk of continuing confusion.

99. To the extent Plaintiff establishes a violation of 15 U.S.C. § 1125(a), Plaintiff is entitled to seek injunctive relief under 15 U.S.C. § 1116. Upon a finding of such a violation, § 1116(a) provides a rebuttable presumption of irreparable harm in connection with a permanent injunction.

100. The balance of equities favors preventing Defendants from continuing conduct that infringes Plaintiff's rights and creates a likelihood of confusion, while Defendants have no legitimate interest in representing their organization or activities to the public through a designation confusingly similar to Plaintiff's name.

101. Permanent injunctive relief will serve the public interest by preventing confusion concerning the identity, sponsorship, affiliation, and source of charitable activities and fundraising efforts.

102. Plaintiff therefore seeks a permanent injunction prohibiting Defendants, and those acting in concert or participation with them who are subject to the Court's jurisdiction, from using "Eric B. Mays Foundation," "The Eric B. Mays Foundation," or any confusingly similar designation in connection with charitable activities, fundraising, promotional materials, websites, social media, public events, advertising, or other activities in a manner likely to cause confusion with Plaintiff.

103. Plaintiff further requests that Defendants be ordered to discontinue existing uses of Plaintiff's name and any confusingly similar designation and to remove or modify such uses from websites, social media accounts, promotional materials, and other public-facing communications to the extent necessary to prevent continued confusion.

104. By reason of the foregoing, Plaintiff is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and the Court's equitable powers, together with such additional equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric B. Mays Foundation, Inc. respectfully requests that judgment be entered in its favor and against Defendants Eric B Mays Foundations, Inc. and Nickesha V. Reid, and that the Court:

1. Enter preliminary and permanent injunctive relief prohibiting Defendants, and those acting in concert or participation with them who are subject to the Court's jurisdiction, from using "Eric B. Mays Foundation," "The Eric B. Mays Foundation," or any confusingly similar name, designation, or identifier in connection with charitable activities, fundraising, promotional materials, websites, social media, advertising, public events, or other activities in a manner likely to cause confusion as to source, sponsorship, affiliation, endorsement, approval, or connection with Plaintiff;
2. Order Defendants to discontinue and remove existing uses of Plaintiff's name and any confusingly similar designation from websites, social media accounts, promotional materials, advertisements, public-facing communications, and other materials, to the extent necessary to prevent continued confusion;
3. Award Plaintiff compensatory and other damages recoverable under applicable law, in an amount to be determined at trial, including damages arising from injury to Plaintiff's goodwill, reputation, charitable identity, fundraising efforts, donor and community relationships, and other recoverable economic losses;

4. Award an accounting and, to the extent authorized by applicable law, disgorgement of Defendants' profits, revenues, or other benefits attributable to the unlawful conduct alleged herein;
5. Enter declaratory relief pursuant to 28 U.S.C. §§ 2201–2202 declaring the parties' respective rights concerning the use of "Eric B. Mays Foundation," "The Eric B. Mays Foundation," and confusingly similar designations, and declaring that Defendants may not use those designations in a manner that violates Plaintiff's rights under applicable federal or Florida law;
6. Award prejudgment and post-judgment interest as permitted by law;
7. Award reasonable attorneys' fees, costs, and litigation expenses to the extent authorized by the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, or other applicable law;
8. Award such other and further legal or equitable relief as the Court deems just, proper, and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
**LLG NATIONAL LAW GROUP**



Robert S. Mactavish, Esquire
Florida Bar No. 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
*Attorney for Plaintiff*